[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13354

Non-Argument Calendar

_____

WILLIAM HARRIS,

Plaintiff-Appellant,

*versus*

WARDEN, ST. CLAIR CF,

WARDEN,

HOLMAN CF WARDEN,

WILLIAM DESPAIN,

Classification Supervisor,

TERRY RAYBON,

Warden II, et al.,

2                  Opinion of the Court                 20-13354

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:18-cv-01303-AKK-HNJ

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

William Harris, a prisoner proceeding *pro se*, sued various Alabama Department of Corrections officials, bringing claims under 42 U.S.C. § 1983. Harris alleged that just a few days after he was transferred to the St. Clair Correctional Facility, another inmate stabbed him at least five times. Harris claimed that prison officials violated his constitutional rights by transferring him to St. Clair where he had a known enemy at the facility and by failing to adequately protect him from inmate-on-inmate violence. After the district court granted summary judgment to the defendants, Harris filed a post-judgment motion, claiming that the court should reconsider its summary judgment order in light of newly discovered evidence he had obtained. About a week later, and before the district court had ruled on his post-judgment motion, Harris filed a notice of appeal. The court subsequently denied his post-judgment motion.

Harris argues on appeal that the district court erred in denying his post-judgment motion. We begin by considering whether we have appellate jurisdiction to review the district court's denial of Harris's post-judgment motion. *See Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cnty.*, 947 F.3d 1362, 1370 (11th Cir. 2020) ("[W]e have an obligation to review *sua sponte* whether we have jurisdiction."). Under Federal Rule of Appellate Procedure 3(c)(1)(B), a party must designate in his notice of appeal the judgment or order being appealed. Fed. R. App. P. 3(c)(1)(B). The judgment or order designated must be one in existence at the time that the notice of appeal is filed, not one that is expected or contemplated at the time. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998). We generally lack jurisdiction to review an order issued after the notice of appeal was filed, unless the appellant files an additional or amended notice of appeal referring to the subsequent order. *See id*. at 660–61. Although we liberally construe the pleadings of *pro se* litigants, *pro se* litigants still must follow our procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

We lack jurisdiction to review Harris's challenge to the district court's denial of his post-judgment motion. Although the notice of appeal stated that Harris intended to appeal any or all rulings on post-judgment motions, he filed the notice **before** the district court entered its order denying his post-judgment motion. Because Harris did not file an additional or amended notice after the district

court entered the order denying his post-judgment motion, we lack jurisdiction to review that order. *See Bogle*, 162 F.3d at 660–61.

We do have jurisdiction to review the district court's order granting summary judgment. But, in his appellate brief, Harris raised no argument challenging the district court's summary judgment order. We thus conclude that Harris abandoned any challenge to the summary judgment order. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

For the reasons set forth above, we affirm the district court's summary judgment and dismiss that portion of Harris's appeal challenging the denial of his post-judgment motion.

**AFFIRMED IN PART AND DISMISSED IN PART.**